UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 07-110-DCR |
| | ) | |
| V. | ) | Civil Action No. 6: 11-7190-DCR |
| | ) | Civil Action No. 6: 11-7185-DCR |
| WAYNE REID, | ) | |
| and DONNA REID, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants/Movants. | ) | **AND ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Wayne and Donna Reid's motion for reconsideration of the Court's denial of their request for habeas relief filed pursuant to 28 U.S.C. § 2255. [Record No. 227] Having considered the defendants' motion, the United States' response [Record No. 233], and the defendants' reply to the government's response [Record No. 240], the Court will deny the relief sought.

**I.**

Following a ten-day jury trial, the defendants were convicted of one count of conspiracy to launder drug proceeds, six individual counts of laundering drug proceeds, and one count of harboring a fugitive. [Record Nos. 115, 149, 150] Defendant Wayne Reid was subsequently sentenced to a term of imprisonment of 194 months, while his co-defendant and wife, Donna Reid, received a total term of imprisonment of 188 months. Both defendants appealed their

convictions. However, on November 30, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the judgments of this Court. [Record No. 178]

On October 24, 2011, and November 17, 2011, the defendants filed motions for collateral relief. These motions sought relief based up claims of: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) actual innocence; (4) the failure of the government to meet its burden of proof at trial; and (5) erroneous jury instructions. United States Magistrate Judge Candace J. Smith addressed each of the defendant's claims in separate Reports and Recommendations issued on March 27, 2012. [Record Nos. 210, 211] With regard to the defendants' claims of prosecutorial misconduct, Magistrate Judge Smith noted that the issues were raised on direct appeal to the Sixth Circuit and were found to be without merit.[1] Accordingly, because a § 2255 motion may not be used to re-litigate an issue that has already been considered on direct appeal, Magistrate Smith recommended that this argument be rejected. [Record No. 210, p. 4; Record No. 211, p. 4]

Next, Magistrate Judge Smith recommended that the defendant's claims of ineffective assistance of counsel be rejected. After noting that this claim was not procedurally defaulted, the Magistrate Judge concluded that the defendants failed to establish that their respective attorneys were deficient or that any alleged deficiency resulted in prejudice to their defenses under the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding Defendant Wayne Reid, Magistrate Smith made the following observations:

---

[1] This claim included an argument made by each defendant that the Court erred in not allowing additional impeachment during trial of two government witnesses regarding an alleged "adulterous relationship." One of the witnesses, Shawn Hensley, is the former son-in-law of the Reids.

> Here, while Defendant claims that counsel was ineffective for not investigating the case, he does not indicate specifically what counsel failed to investigate. (R. 188, at 12-15). Defendant argues that counsel "gave [b]ad [a]dvice and misleading representation," but does not explain what advice was poor, or how counsel's representation was misleading. (*Id.*). Defendant claims that counsel "did not object," but does not state what counsel should have objected to. (*Id.*). Defendant argues that counsel "did not file motions to suppress evidence," but does not indicate what evidence should have been suppressed. (*Id.*). Defendant claims that counsel failed to advocate his theory of the case, but does not indicate what his theory was, or how his theory differed from the one presented at trial. (*Id.* at 15). Further, Defendant asserts that counsel violated Federal Rules of Criminal Procedure 32, 52, and 11. (*Id.* at 13). However, Defendant does not explain how these rules were violated. (*Id.*). In his affidavit, William Crabtree, trial counsel for Defendant, denied all of Defendant's above-mentioned allegations of ineffective assistance of counsel. (R. 206-1). Mr. Crabtree also denied Defendant's assertions that he told him appealing certain issues would be a waste of time. (*Id.* at 3).
>
> Defendant has the burden to show proof of ineffective assistance of counsel. Specifically, he must show that his attorney's performance was deficient, and that his defense was prejudiced by counsel's errors. *See Strickland*, 466 U.S. at 687. Here, Defendant has not shown any error in counsel's performance. In support of this claim, Defendant has made only conclusory statements that counsel was ineffective, has failed to indicate any specific errors of counsel, and has failed to provide any evidence to support his claims. Therefore, his ineffective assistance of counsel claims must be denied. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 21, 1996) (Sixth Circuit acknowledging that conclusory statements are insufficient to warrant § 2255 relief). *See also United States v. Obenshain*, No. 10-07145-KSF-JGW, 2011 WL 3608190, at *5 (E.D. Ky. June 21, 2011). Since Defendant has not shown that counsel's performance was deficient in any respect, there can be no prejudice. Defendant's claims of ineffective assistance of counsel are without merit.

[Record No. 210, pp. 7-8] The Magistrate Judge reached a similar conclusion regarding the claims of ineffective assistance of counsel made by Defendant Donna Reid. [Record No. 211, pp. 9-10]

In rejecting both defendants' claims of "actual innocence," Magistrate Judge Smith pointed out that a party asserting such a claim must "present evidence of innocence so

compelling that it undermines the Court's confidence in the criminal proceeding's outcome of conviction. Here, neither defendant offered any evidence of actual innocence but, instead, merely advanced conclusory allegations that were insufficient to sustain their burden. [Record No. 210, pp. 9-10; Record No. 211, pp. 10-12]

After conducting a *de novo* review of the defendants' claims, this Court fully adopted Magistrate Judge Smith's Reports and Recommendations regarding both defendants. [Record Nos. 213, 214] Further, the Court refused to issue a Certificate of Appealability regarding any issue because neither defendant made a substantial showing of the denial of any Constitutional right. [*Id.*] Again, both defendants appealed this Court's determination to the Sixth Circuit. [Record Nos. 216, 217] However, by separate Orders entered on November 28, 2012 [Record No. 230], and December 14, 2012, the Sixth Circuit refused to issue a Certificate of Appealability regarding either defendant. In each case, the court found that the defendant's assertions of ineffective assistance of counsel was insufficient and that this Court's finding regarding that claim was not debatable among reasonable jurists. With respect to Defendant Wayne Reid, the Sixth Circuit concluded that,

> [t]he burden is on Reid to present evidence establishing that counsel was ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. Reid makes no such showing. His petition is devoid of any specific acts or omissions of counsel, and he merely concludes that counsel was ineffective. Conclusory, self-serving allegations that Reid's attorney erred are insufficient to make the required showing. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012).

[Record No. 232]

## II.

While the defendants' construed motions for Certificates of Appealability were pending before the Sixth Circuit, the defendants filed a document captioned, "Motion to Consolidate[,] Motion for Reconsideration[, and] Motion to Suspend the Rules." [Record No. 227] Through this pleading, the defendant ask this Court to reconsider its prior rulings on their § 2255 motions. In support, the defendants contend that their earlier arguments of ineffective assistance of counsel and actual innocence were not properly developed, in part, due to being "overwhelmed by the legal system." [Record No. 227-1, p. 2] They also seek to expand and further explain their claim of ineffective assistance of counsel by alleging that their respective attorneys failed to reacquire certain business records provided to the government. They contend that, while they cannot identify any specific documents, they believe these records would provide additional evidence that they did not launder money for drug dealers who testified against them during trial.[2] Finally, at pages 7 through 10 of their current motion, the defendant again attempt to

---

[2] The defendants state that the government could not have understood their business records without their own explanation. Defendant Wayne Reid explains that:

> I do not know how our records could not be used in our defense. I do not know how the government could even evaluate our records without us there to explain them. They may be smart but those were our records and no one knew or understood them as well as us. I cannot here and now tell you what specific records will prove what, but I know that the truth is there and Donna could have explained everything and supported it with the records.

[Record No. 227-1, p. 9] During trial, the defendants contended that their funds came from legitimate sources. Further, their attorneys offered certain business and other record to support their contention. At no point did the defendant assert that the government failed or refused to return any documents produced by them prior to indictment or trial. Even now, they admit that they cannot identify a specific document or record that would refute any claim made against them.

Even now, there is absolutely no evidentiary support for the Reids' contention that the United States

reassert claims of prosecutorial misconduct and explain why the testimony of certain government witnesses should not have been accepted by the jury.

In its response, the United States points out that the defendants' current motion is merely an attempt to rehash their earlier, failed claim of ineffective assistance of counsel. Further, the government notes that, at trial, the jury rejected their claim that financial records established that the defendants' business practices were legitimate.

Having again reviewed the file of this proceeding, the Court agrees with the United States. While the defendants' current argument seeks to expand on the claim of ineffective assistance previously made and rejected, it is neither new nor based on newly discovered evidence.[3] Thus, even if the Reids' expanded arguments were given credence, the Court would conclude that they could have been made in the defendants' initial § 2255 motion. As a result, the motion for reconsideration is without merit. *Bennett v. United States*, 119 F.3d 468, 471-72 (7th Cir. 1997) ("A rehashed claim is not a new claim.") *See also United States v. Card*, 220

---

violated any discovery obligation by failing to produce records that the defendants produced to the government and which were not returned to them. [*See generally* Record No. 240, pp. 2-4.]

[3]     At page 13 of Defendant Wayne Reid's initial § 2255 motion, he argues that his attorney provided ineffective assistance of counsel by failing to properly investigate his case. More specifically, he alleges that "appellants' counsel <u>knew</u> the many companies and legal business dealings <u>justified</u> the <u>accountability</u> of <u>funds</u> the <u>Government</u> was representing as <u>unaccountable</u>. . . ." (Emphasis in original.) [Record No. 188, p. 13] At pages 18 through 21, the defendant attempts to explain the source of funds relating to counts one through eight of the second superseding indictment. For example, he contends that the funds relating to Count Two actually represented the proceeds of the sale of a convenient store for $160,000. Likewise, he asserts that the proceeds relating to Count Three came from the sale of heavy equipment for $470,691.71. [*Id.* at pp. 18-19] The § 2255 motion filed by Defendant Donna Reid contained similar allegations. [*See* Record No. 191, pp. 13, 18-21.] The defendants made these contentions during trial and offered supporting documentation. However, their assertions were rejected by the jury.

Fed. Appx. 847, 851 (10th Cir. 2007) (a petition based on the same ground as asserted previously should be dismissed).

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that the defendants' Motion to Consolidate[,] Motion for Reconsideration[, and] Motion to Suspend the Rules [Record No. 227] is **DENIED**.

This 16th day of January, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge